UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ALLEN GILLUM,<br><br>                    Plaintiff,<br><br>     v.<br><br>OWENS, ET AL., et al.,<br><br>                    Defendant. | CASE NO. 2:19-cv-01859-RSM-BAT<br><br>**ORDER DENYING FOURTH MOTION FOR APPOINTMENT OF COUNSEL AND EXTENSION OF TIME TO RESPOND** |

The Court DENIES plaintiff's fourth motion to appoint counsel and for more time to respond to defendants' motion for summary judgment. Dkt. 45. In November 2019, plaintiff filed a 42 U.S.C. § 1983 complaint. There is no constitutional right to appointed counsel in a § 1983 action. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

This is not an exceptional case given plaintiff's likelihood of success on the merits and ability to articulate his claims *pro se* given the complexity of the legal issues. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To obtain counsel, plaintiff must plead facts establishing he has an insufficient grasp of his case or the legal issues involved and an

inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff requests counsel arguing he is detained in the King County. Dkt. 45. Despite his incarceration, plaintiff has responded to the summary judgment motion and articulated an argument as to why summary judgment should be denied. Dkt. 46. Plaintiff has also shown throughout the case he can articulate his claims *pro se* by filing a serviceable complaint, and various motions. The case's factual or legal basis are not complex; plaintiff's response and establishes he understands defendants' summary judgment motion. As plaintiff has not demonstrated extraordinary circumstances, the motion for appointment of counsel (Dkt. 45) is DENIED.

The Court also DENIES plaintiff an extension to respond to the summary judgment motion. The summary judgment motion was filed in July and was ripe for review in August. Plaintiff was given an extension to respond, was informed no further extensions would be granted, and has in fact responded to the motion.

The Clerk shall send a copy of this order to plaintiff to both his out of custody address and to the King County Jail.

DATED this 3rd day of September, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING FOURTH MOTION FOR
APPOINTMENT OF COUNSEL AND EXTENSION OF TIME
TO RESPOND - 2