UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ALLEN GILLUM,<br><br>                Plaintiff,<br><br>   v.<br><br>CAPTAIN DEAN OWENS, et al.,<br><br>                Defendants. | CASE NO. 2:19-cv-01859-RSM-BAT<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE THE AMENDED COMPLAINT AND ADDRESSING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT** |

### I. SERVING THE AMENDED COMPLAINT

The Court earlier presumed that it would serve the amended complaint on *pro se* plaintiff's behalf. *See* Dkt. 53, at 16–17; Dkt. 57, at 2. On January 26, 2021, however, counsel made an appearance on behalf of plaintiff and subsequently filed the amended complaint. Dkts. 64–66. Plaintiff's counsel is therefore advised that **it is plaintiff's responsibility to serve the amended complaint on all defendants, including the appropriate service of process on the newly added defendants**. Upon completing service of the summons and amended complaint upon defendants, plaintiff must file proof of such service with the Court. Counsel may refer to the Court's website for further information and forms.

## II.  INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

**Deadline for FRCP 26(f) Conference:**          3/1/2021

**Initial Disclosures Pursuant to FRCP 26(a)(1):**          3/8/2021

**Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f):**          3/15/2021

The deadlines above may be extended only by the Court. Any request for an extension should be made by e-mail to Andy Quach, Courtroom Deputy, at andy_quach@wawd.uscourts.gov. If defendants have appeared, the parties are directed to meet and confer before contacting the court to request an extension.

If this case involves claims which are exempt from the requirements of FRCP 26(a) and 26(f), please notify Andy Quach, Courtroom Deputy, at andy_quach@wawd.uscourts.gov.

## III.  JOINT STATUS REPORT & DISCOVERY PLAN

All counsel are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **March 15, 2021**. This conference shall be by direct and personal communication, whether that be a face-to-face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for joining additional parties.

3. **The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to**

ORDER DIRECTING PLAINTIFF TO SERVE THE AMENDED COMPLAINT AND ADDRESSING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT - 2

1    **conduct all proceedings**. The Western District of Washington assigns a wide range of cases to

2    Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all

3    types of civil matters filed in our court. Additional information about our district's Magistrate

4    Judges can be found at wawd.uscourts.gov. The parties should indicate whether they agree that

5    the Honorable Brian A. Tsuchida may conduct all proceedings including trial and the entry of

6    judgment. When responding to this question, the parties should only respond "yes" or "no".

7    Individual party responses should not be provided. A "yes" response should be indicated only if

8    all parties consent. Otherwise, a "no" response should be provided.

9           4.      A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the

10   parties' views and proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), which includes the

11   following topics:

12                  (A)     initial disclosures;

13                  (B)     subjects, timing, and potential phasing of discovery;

14                  (C)     electronically stored information;

15                  (D)     privilege issues;

16                  (E)     proposed limitations on discovery; and

17                  (F)     the need for any discovery related orders.

18          5.      The parties' views, proposals, and agreements on all items set forth in Local Civil

19   Rule 26(f)(2).

20          6.      The date by which discovery can be completed.

21          7.      Whether the case should be bifurcated by trying the liability issues before the

22   damages issues, or bifurcated in any other way.

23

ORDER DIRECTING PLAINTIFF TO SERVE THE
AMENDED COMPLAINT AND ADDRESSING INITIAL
DISCLOSURES, JOINT STATUS REPORT, AND EARLY
SETTLEMENT - 3

8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

9. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

10. Any other suggestions for shortening or simplifying the case.

11. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

12. Whether the trial will be jury or non-jury.

13. The number of trial days required.

14. The names, addresses, and telephone numbers of all trial counsel.

15. The dates on which trial counsel may have complications to be considered in setting a trial date.

16. If, on the due date of the Report, all defendants have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

17. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.

18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference

with the Court at any time during the pendency of this action, they should notify Andy Quach, Courtroom Deputy, at andy_quach@wawd.uscourts.gov.

### IV.     PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff and any defendants who have appeared. Plaintiff's counsel is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel will be responsible for starting the communications needed to comply with this Order.

### V.     JUDGE SPECIFIC PROCEDURAL INFORMATION

All counsel and unrepresented parties should review Judge Tsuchida's web page for procedural information applicable to cases before Judge Tsuchida. The judges' web pages, in addition to the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at wawd.uscourts.gov.

### VI.     EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Andy Quach, Courtroom Deputy, at andy_quach@wawd.uscourts.gov.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED this 1st day of February, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING PLAINTIFF TO SERVE THE
AMENDED COMPLAINT AND ADDRESSING INITIAL
DISCLOSURES, JOINT STATUS REPORT, AND EARLY
SETTLEMENT - 5