UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ALLEN GILLUM,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN DEAN OWENS, individually, et al.,<br><br>Defendants. | Case No. C20-1555-RSM-BAT<br><br>ORDER DENYING MOTIONS TO VOID SETTLEMENT AGREEMENT AND VOID CASE DISMISSAL |

      This matter comes before the Court on Plaintiff David Allen Gillum's Motion to Void Settlement Agreement and Void Case Dismissal, Dkt. #77, and Motion to Withdraw Settlement Agreement, Dkt. #80. Mr. Gillum, now proceeding *pro se*, does not cite any law justifying his requested relief. The Court interprets Mr. Gillum's Motions as seeking relief under Rule 60(b).

      On March 9, 2021, the parties attended mediation for this case with mediator Margo Keller, conducted remotely over Zoom. Dkt. #79 ("Declaration of Raam Wong"), ¶ 2. Mr. Gillum was represented by his attorney, Joseph Baker. *Id*. Mr. Gillum's father was also present. *Id*. At the close of mediation, Ms. Keller informed King County defendants that Mr. Gillum was accepting their offer to settle this matter for $48,000. *Id*. After Ms. Keller emailed the settlement agreement to the participants, counsel for the parties "replied all" indicating their acceptance of

ORDER DENYING MOTIONS TO VOID SETTLEMENT AGREEMENT AND VOID CASE DISMISSAL - 1

the agreement. *Id*., Ex. A. On March 29, 2021, Mr. Baker emailed counsel for King County defendants a release of all claims signed and dated by Mr. Gillum. *Id.* at ¶ 3, Ex. B. On April 5, 2021, Mr. Baker emailed defense counsel asking if the settlement check had been mailed. *Id*. at ¶ 4. Mr. Baker emailed again on April 12, 2021, stating, "My client is once again calling about the status of the settlement check." *Id*. The settlement payment was eventually sent to Mr. Baker's office by U.S. Mail on April 14, 2021, payable in trust to Mr. Gillum. *Id*. On April 1, 2021, the Court, having been notified of the settlement of the case, dismissed the action with prejudice. Dkt. #76. On April 30, 2021, Mr. Gillum filed the instant motion to void the settlement agreement and re-open the case. Dkt. #77. Mr. Gillum alleges (1) that his attorney gave him "false information" more than once, (2) he felt rushed to make a decision at mediation, (3) Mr. Gillum's attorney failed to amend the Complaint, as ordered by the Court, (4) not all of Mr. Gillum's damages were discussed during mediation, and (5) Mr. Gillum signed the release based on false information and pressure from his attorney. *See id*. On July 19, 2021, Mr. Gillum filed a second Motion, this time titled a Motion to Withdraw Settlement Agreement. Dkt. #80. This handwritten, two-page Motion reiterates the same points as his prior Motion. He asserts that he never received the settlement agreement.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

ORDER DENYING MOTIONS TO VOID SETTLEMENT AGREEMENT AND VOID CASE DISMISSAL - 2

Fed. R. Civ. P. 60(b).

Mr. Gillum appears to bring these motions for relief under Rule 60(b)(3), alleging that the settlement was based on "false information" provided by his attorney. However, Rule 60(b)(3) is inapplicable because the alleged misrepresentation was not committed by "an opposing party." Mr. Gillum's grievance is with his attorney. Moreover, Mr. Gillum fails to identify any factual basis upon which his assertion of misrepresentation is based. Accordingly, Mr. Gillum is not entitled to have the lawsuit re-opened under Rule 60(b)(3).

The Court also finds that Rule 60(b)(6) does not apply here. This is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). To reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id*. (internal quotation marks omitted).

The Court agrees with Defendants' analysis:

> Here, Mr. Gillum's willing and voluntary acceptance of King County's offer which he now later regrets does not present extraordinary circumstances so as to justify reopening the lawsuit and voiding the release. Mr. Gillum was represented at mediation by his attorney and joined by his father. A neutral third-party mediated the settlement. Although Mr. Gillum felt "rushed to make a final decision," he does not allege that he was under duress at mediation or when he signed the release, nor does he identify any factual basis for such an assertion. Mr. Gillum has not alleged any facts to demonstrate that he had no reasonable alternative but to sign the

ORDER DENYING MOTIONS TO VOID SETTLEMENT AGREEMENT AND VOID CASE DISMISSAL - 3

> release To the contrary, the release that Mr. Gillum signed states that he was doing so "as my own free act."
>
> ….
>
> Mr. Gillum simply appears to have misgivings about the settlement amount. Nevertheless, "having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir.1997); *see also Heigis v. Cepeda*, 71 Wash. App. 626, 862 P.2d 129 (1993) (where an insurance adjuster obtained a release from an insured, there was no fraud simply based upon the claimant's belief that the payment was inadequate). "A [signed] agreement . . . becomes binding even if a party has a change of heart after [he] agreed to its terms . . . ." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137–38 (9th Cir. 2002).

Dkt. #78 at 4–5. Given all of the above, the Court finds no basis to grant the requested relief and will deny these Motions.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff David Allen Gillum's Motion to Void Settlement Agreement and Void Case Dismissal, Dkt. #77, and Motion to Withdraw Settlement Agreement, Dkt. #80, are DENIED.  This case remains CLOSED.

DATED this 5th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS TO VOID SETTLEMENT AGREEMENT AND VOID CASE DISMISSAL - 4